UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES of AMERICA,

        Plaintiff,        CASE NO.  08-CR-20633

 vs.        DISTRICT JUDGE PATRICK J. DUGGAN

JERRY LATIMORE and        MAGISTRATE JUDGE MONA K. MAJZOUB
LUTHER GILFORD,

        Defendants.
_____/

## ORDER DENYING DEFENDANT LATIMORE'S MOTION FOR BILL OF PARTICULARS (DOCKET NO. 31)

This matter comes before the Court on a Motion for Bill of Particulars filed by Defendant Latimore in his criminal case. (Docket no. 31). The Government has filed a Response. (Docket no. 43). The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 32). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(e). The matter is now ready for ruling.

Defendant Latimore is one of two individuals charged in a one-count Indictment that alleges Theft of Trade Secrets and Aiding and Abetting in violation of 18 U.S.C. § 1832. The Indictment alleges:

COUNT ONE
(18 U.S.C. §§ 1832(a)(1), (a)(2), (a)(3), (a)(4) and 2 - THEFT OF TRADE SECRETS; AIDING AND ABETTING)

That from in or about October 2003 until on or about December 23, 2003, in the Eastern District of Michigan, Southern Division, and elsewhere, defendants JERRY LATIMORE and LUTHER GILFORD, did knowingly and intentionally, with the intent to convert information that included a trade secret, that is, a set of

1

confidential documents containing costs and supplier strategies belonging to Visteon, Incorporated, which were related to products produced for interstate and foreign commerce, to the economic benefit of a person other than the owner thereof, and intending and knowing that the offense would injure the owner of the trade secret:
    (a) steal, or without authorization appropriate, take, and carry away such information, in violation of Title 18, United States Code, Section 1832(a)(1);
    (b) copy and duplicate such information without authorization, in violation of Title 18, United States Code 1832(a)(2);
    (c) receive and possess such trade secrets knowing the same to have been stolen, appropriated, and converted without authorization, in violation of Title 18, United States Code 1832(a)(3); and,
    (d) aid and abet each other and attempt to do all of the above, in violation of Title 18, United States Code 1832(a)(4).
All in violation of Title 18, United States Code 1832(a)(1-4) and 2.

Defendant Latimore filed this Motion for Bill of Particulars on October 2, 2009. The Motion asserts that the defense has been provided with nearly 3,000 pages of discovery. The Motion further asserts that the Indictment fails to adequately inform Defendant Latimore of the exact documents that contain trade secrets. Defendant Latimore moves for an order directing the Government to (1) identify the exact documents which were allegedly stolen or converted; (2) identify any acts taken by Defendant Latimore which resulted in the dissemination of documents, the dates the dissemination occurred, and to whom the dissemination was made; and (3) identify any other documents which allegedly contain trade secrets that the Defendants duplicated, copied, received, possessed, misappropriated, or converted without authorization.

The Government asserts that the Indictment clearly apprises Defendant Latimore of the elements of the charges against him. The Government further asserts that it has maintained an "open file" discovery policy and has turned over to Defendant Latimore virtually the entire FBI file. The Government contends that Defendant Latimore has been provided with documents which were sold during the criminal investigation, documents which were seized after the Defendant's arrest, FBI

reports, and transcripts of a series of recorded meetings between Defendant Latimore, his co-defendant, and an undercover agent at which documents were allegedly sold.

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the government to file a bill of particulars." Fed.R.Crim.P. 7(f). A motion for a bill of particulars filed pursuant to Rule 7(f) lies within the sound discretion of the trial court. *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981). The fundamental purpose of a bill of particulars is to minimize the danger of unfair surprise at trial, assist the defendant in understanding the nature of the charges against him so he may prepare a defense, and enable the Defendant to plead double jeopardy if charged with the same offense twice. *United States v. Salisbury*, 983 F.2d 1369, 1373 (6th Cir. 1993); *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976).

A bill of particulars is not to be used as a general discovery device. *United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir. 1971). Once filed, a bill of particulars confines the Government's evidence to the particulars furnished and restricts the Government's proof at trial. *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965). When an Indictment is sufficiently specific there is no need for a bill of particulars. The need for a bill of particulars is obviated in cases where the Government has engaged in open file discovery and has provided access to details about the charges in the case. *United States v. Fassnacht*, 332 F.3d 440, 447 n.2 (7th Cir. 2003); *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (if there has been full disclosure by the government there is no need for a bill of particulars).

Federal Rule of Criminal Procedure 7(c)(1) provides that the Indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged. . . ." Fed.R.Crim.P. 7( c)(1). "For each count, the indictment . . . must give the official or customary

3

citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed.R.Crim.P. 7(c)(1). The Advisory Committee Notes to Federal Rule of Criminal Procedure 7 state that subsection (c) of Rule 7 introduced a "simple form of indictment." Fed.R.Crim.P. 7(c) Advisory Committee Notes (1944 Adoption). Thus "an indictment need not provide the evidentiary details of the government's case" to comply with Rule 7(c). *United States v. Ellender*, 947 F.2d 748, 755 (5th Cir. 1991). Additionally, "Indictments need not exhaustively recount the facts surrounding the crime's commission." *United States v. Agostino*, 132 F.3d 1183, 1189 (7th Cir. 1997). "Generally, an indictment is sufficient when it sets forth the offense in the words of the statute itself, as long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished." *Id*. The test for determining whether a bill of particulars should be filed is "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." *United States v. Kendall*, 665 F.2d at 134 (citation and internal quotation marks omitted).

The Indictment in the instant case does not list specific documents containing trade secrets which Defendant Latimore allegedly misappropriated. It does however state that the trade secrets are found in documents containing costs and supplier strategies belonging to Visteon, Incorporated. The Indictment also identifies the two month time period during which the crimes were allegedly committed. In addition, the Indictment notifies Defendant Latimore of the actions he is accused of taking in violation of the statute. For example, the Indictment charges Defendant in part with the specific acts of stealing, or appropriating, taking, and carrying away information without authorization in violation of 18 U.S.C. § 1832(a)(1). The Court finds that the Indictment tracks the language of the relevant portions of the statute the Defendant is accused of violating. It also clearly

4

sets forth the elements of the offense charged.

Defendant Latimore has been provided with access to all information in the Government's file, including the actual documents that were sold during the investigation and transcribed recordings of meetings which allegedly culminated in the sale of documents. This process gives Defendant Latimore adequate notice of the evidence that the Government will use against him at trial. The Court finds that the Indictment is not so vague or indefinite that the Defendant cannot discern the essential nature of the charges against him, and that the open file policy in this case has adequately apprised Defendant Latimore of the documents which are alleged to contain trade secrets.

**IT IS THEREFORE ORDERED** that the Defendant's Motion for a Bill of Particulars is **DENIED**.

**NOTICE TO THE PARTIES**

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: November 17, 2009         s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: November 17, 2009         s/ Lisa C. Bartlett
                                 Case Manager